JOHN J. LYDECKER ET AL., APPELLANTS, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF PASSAIC, AND THE STANDARD OIL COMPANY OF NEW JERSEY, RESPONDENTS.

Submitted December 10, 1917—Decided March 4, 1918.

1. A municipality, as it lawfully might in performance of a public duty, contracted with the Standard Oil Company of New Jersey to sprinkle a highway with oil; the contract required the use of a definite quantity per square yard, to be spread in a particular manner with an approved sprinkler. The oil was spread according to the terms of the agreement, producing a condition from which a jury might find that the quantity was excessive for the required improvement, resulting in the creation of a public nuisance, by which one of the plaintiffs, in passing over the highway on a bicycle, was thrown and injured. *Held*, that the Standard Oil Company of New Jersey owed no contractual duty to the plaintiff injured, he being a stranger to the contract, and was not liable to him for the result of the performance of the contract, the negligence charged in the complaint being nonperformance, unless the injury complained of was the consequence of an act independent of the contract.

2. A contractor with a municipality for public work is not liable under his contract to a third party for injuries resulting from a mistaken estimate by the municipality as to the effect of the

performance of the contract according to the method and means it required, or for the sufficiency of its provisions to fulfill a duty which the municipality owes to the public, unless the work and required method of performance is obviously likely to create a nuisance or is inherently dangerous, of which the contractor had notice or was chargeable therewith.

3. The evidence being undisputed that the cause of the injury was the result of performance, and not of any act independent of the contract, or in violation of it as charged in plaintiff's complaint, and the work not being in itself inherently dangerous, a direction for the defendant upon the ground that it owed the plaintiff no duty under the contract was not error.

On appeal from the Supreme Court.

For the appellants, *Ward & McGinness.*

For the respondent the Standard Oil Company of New Jersey, *Jacob Willard De Yoe.*

For the respondent the board of chosen freeholders of the county of Passaic, *Pierre P. Garven.*

The opinion of the court was delivered by

BERGEN, J.  This action was instituted by an infant to recover for injuries caused by being thrown from his bicycle while riding along a public highway recently covered with oil by the defendant the Standard Oil Company of New Jersey, under a contract with the board of chosen freeholders of the county of Passaic, which had control of the highway, and under a duty to keep it in repair.  The action was brought against the county of Passaic and the Standard Oil Company of New Jersey, and at the trial the proceedings were amended to include a claim by the father of the infant for the cost of medical services.

The trial court directed a judgment of nonsuit in favor of the county, and a verdict in favor of the oil company, as to both plaintiffs from which they appeal.  The complaint states different causes of action against each defendant.  That against the Standard oil company being that it entered into

a contract with the county in which it agreed to oil certain public roads with a preparation of oil; to protect the road from traffic for at least six hours after placing the oil, or until the oil had permeated the surface of the road; to oil but one side at a time and leave the other open to traffic until the oil spread on the other side had sufficiently penetrated the roadbed to allow traffic on it; that in violation of the agreement of the defendant the oil company negligently and improperly placed the oil over the entire surface of the road in large and excessive quantities so that it did not penetrate the roadbed but rendered the surface slippery and dangerous, and failed to close the road to traffic, or warn persons using it of its dangerous condition.

The only negligence averred in the complaint against the oil company is a violation of the contract in the foregoing particulars. The contract also provided that the oil should be distributed, by means of a suitable sprinkler satisfactory to the county engineer or supervisor, at not more than one-quarter gallon per square yard. There was evidence from which a jury might infer that the quantity of oil which the contract provided for was more than was necessary to accomplish the required purpose, but none that it was in excess of that required by the contract, or that the distribution was not made as required by the contract. It is well settled in this state that no duty to the plaintiff from the defendant the oil company arose out of the contract, as he was a stranger to it, and also that he cannot complain if the parties to it chose to alter the contract and distribute oil over the entire surface of the road at one time instead of one-half of it. Such a change, if made under the direction of the county and with its consent, was a matter which did not concern the plaintiff. *Marvin Safe Co.* v. *Ward,* 46 *N. J. L.* 19; *Styles* v. *Long,* 70 *Id.* 301.

In his complaint the plaintiff relies upon a violation of the contract which the proof did not sustain. To hold a contractor liable for an injury to a third person because of negligence in the execution of his contract, there must be a duty or liability, independent of the contract, due from

the contractor to the person injured. *Marvin Safe Co.* v. *Ward, supra,* where it was said: "Such a contract creates the ordinary relation of employer and employe. It does not put off from the board of chosen freeholders the duty and responsibility which the statute fixes upon them, nor does it create any duty or liability on the part of the other contracting party except such as arises *inter sese* from the terms of the contract. * * * No injustice can arise from the application of the principle adjudged in Winterbottom *v.* Wright; for if the work contracted for be such as that a duty exists towards third persons with respect to it, the party who contracts to have the work done will be liable for damages arising from a breach of the duty, although the injury arose from the fault of the person with whom he contracted." The fact that a county is made liable by statute for the insufficiency of a bridge while there is no such statutory imposition for an imperfect highway, does not alter the legal principle. It may be that the want of a statute putting maintenance of highways in a class with bridges works a hardship in this and similar cases, but the cure is through legislative action. A contractor would be liable if he did any act independent of his contract, resulting in a nuisance, even if not negligent in its performance, as it may be that the more perfect the execution the greater the nuisance. In the present case, the plaintiff rested his complaint upon the non-performance of a duty imposed by the contract, which was not supported by any proof, and to that issue only could his proofs apply.

The appellant, in order to avoid the rule that the defendant owes him no duty under a contract to which he was a stranger, now argues that "this case, however, did not arise out of the failure of the Standard oil company to perform its contract. The cause of action in the case at bar was the creation and maintenance of a nuisance." The trouble with this claim is that it is not within the pleadings, and if it was, can only be applicable to some act independent of the contract, of which there is no proof, and the proposition itself implies performance of an act provided for by the contract, nor does this question appear to have been raised in the trial

court where the case was dealt with as presented by the pleadings and the proof in support of the issue tendered.

The motion for direction was rested on performance of the contract, and, as in the Marvin case, "the defendant was under no obligation to make the temporary roadway a good and substantial structure, except under the terms of his contract, and that if he was in no personal default, he cannot be held for the injuries sustained." It is true that when the work is not in itself a nuisance, and the injury results from the negligence of a contractor in its execution, the contractor alone is liable (*Cuff* v. *Newark and New York Railroad Co.,* 35 *N. J. L.* 17), but this is not applicable where the work designed by the principal is not obviously likely to create a nuisance, but because of error in design does so, although performed according to the contract, for in such case the negligence is in design and not in execution. In the present case, the contract calls for the spreading of a given quantity of oil per square yard, for a lawful purpose, by the use of a particular machine—that is, one approved by the county, and the nuisance resulted only because the county erred in its specification of what was required. We think that in such case the negligence, if any, was that of the county, and it alone is liable, otherwise every contractor will be an insurer of the sufficiency of all specifications for public work, and we can perceive no difference between a contract to repair a bridge and one for the repair of a highway, at least where the work contracted for is not obviously or inherently dangerous, and, if properly performed, not likely to produce a nuisance. The method and means used was that specifically prescribed by the county. In *Longmied* v. *Holliday,* 6 *Exch.* 761, Baron Parke said that if a mason contract to build a bridge and does so, *not according to the contract,* and the defects are a nuisance, he is liable. It will be observed that the liability was based upon non-performance of the contract, for, if not so, then the words "not according to the contract" were useless. They qualify the liability of a contractor to acts independent of the contract.

We are of opinion that a contractor with a municipality

for public work is not liable under his contract to a third party for injuries resulting from a mistaken estimate by the municipality as to the effect of the performance of the contract according to the means and method it requires, or for the sufficiency of its provisions to fulfill a duty which the municipality owes to the public, unless the work and required method of performance is obviously or inherently dangerous, of which the contractor had notice, or was chargeable therewith. The spreading of oil on a public highway of the quantity and by the means provided for by this contract, cannot be said to be inherently dangerous, or obviously liable to create a nuisance.

The plaintiff also urges that the defendant was bound by the contract to erect barriers across the highway to prevent the public from using it, but this was not required unless directed by the county engineer or supervisor, and no such barriers were directed, but, in addition to this, it was a contractual obligation due only to the county. It is further urged that one side of the road was not left open for traffic until such time as in the judgment of the county engineer or supervisor the oil already spread had penetrated the surface of the road. It is not disputed that the county engineer or supervisor was satisfied with the conditions when the second half of the road was sprinkled, and that it was done according to directions, so, if there was a mistake in judgment, it was that of the county officers. The court, in the Marvin Safe Company, said: "If third persons can acquire a right in the contract in the nature of a duty to have it performed as contracted for, the parties will be deprived of control over their own contract—the employer will have taken from him the power to direct how the work shall be done, and the employe may find himself under responsibility to third parties which do not exist between him and his employer." While this case was never reviewed by this court, it has stood for so long a time unquestioned, and so often referred to in opinions written for this court with approval, that it should be accepted as the exposition of the law prevailing in this state. We are of opinion that the direction for the defendant the Standard oil company was proper and should be affirmed.

As to the charge against the board of chosen freeholders of the county of Passaic the complaint avers that it, in the course of exercising its control and management of the highway, "and for the purpose of laying or settling the dust" thereon, contracted with the defendant the oil company to spread oil on the highway, and that it, well knowing the dangerous condition which would be produced thereby, negligently failed to remove the oil; to close the highway against public traffic; to warn persons using the same of its dangerous condition, or to make the road safe after the dangerous condition became apparent. Thus is charged the negligent non-performance by a municipality of a public duty which resulted in an alleged public nuisance, and the proofs applicable to this branch of the case did not extend beyond the averments in the complaint.

There is no statute making the county liable for such negligence, and the common law rule of liability is confined to active wrong-doing. The argument of the appellant against the judgment of nonsuit is rested on the case of *Hart* v. *Freeholders,* 57 *N. J. L.* 90, which does not support appellant's contention. In that case there was a demurrer interposed to a declaration containing two counts, the first of which charged a negligent performance of a duty imposed by law, and the second, the creation of a common public nuisance by active wrong-doing. It was there held that the first count did not state a legal cause of action, because in the absence of a statute, a municipality charged with the performance of a public duty is not liable to an individual for omission to perform, or negligence in the performance of such duty, the result of which is a public wrong which is subject to an indictment. The second count was sustained upon the ground that it charged that the nuisance resulted from active wrong-doing. The distinction drawn was that where in the performance of a public duty the municipality commits an active wrong, it is liable in a civil action to one who suffers special damage, even if also subject to indictment, while it is not liable in a civil action "for neglect to perform or negligence in the performance of such duty; whereby a public wrong

has been done for which an indictment will lie." *Hart v. Freeholders, supra; Waters v. Newark, 56 N. J. L. 361; affirmed, 57 Id. 456.*

In the present case, all that the complaint avers is that the county negligently omitted to remove the oil from the highway; failed to close it from use by the public; failed to warn persons not to use it, and failed to make it safe after the spreading of the oil rendered its use dangerous. All of which are acts of omission and not of active wrong-doing.

If the complaint had charged, and the proof sustained, the committing of an active wrong and not the negligent omission to perform a public duty, a different question would be presented.

The nonsuit as to the county was proper and the judgment in favor of both defendants will be affirmed, with costs.

SWAYZE, J. (dissenting). I think the declaration charges negligence in putting oil in excessive quantity upon a public highway, and that it is unimportant that the right to place oil there at all came from the contract with the board of freeholders. The gravamen of the complaint is the negligence, not the breach of contract. The contract was only the occasion or condition, and the duty to exercise care while it arose from the contract in this sense, was independent thereof, and was the ordinary duty not to create a nuisance in a highway. The case was so tried and so understood by counsel for the Standard oil company as is made plain by the grounds on which he asked the court to nonsuit. I think the judgment in favor of the Standard oil company should be reversed.

The Chancellor and Justices Garrison, Trenchard, Minturn and Kalisch concur in this dissent.

*For affirmance*—PARKER, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 8.

*For reversal*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, MINTURN, KALISCH, JJ. 6.